UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LYNNA MEANS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:18-CV-00087 |
| § | |
| WAL-MART STORES TEXAS, L.L.C., § | |
| § | |
| Defendant. § | |

## OPINION

The Court now considers Lynna Means' ("Plaintiff") motion to remand,[1] as well as Wal-Mart Stores Texas' ("Defendant") response.[2] After duly considering the record and relevant authorities, the Court **DENIES** the motion.

### I. BACKGROUND

This is a negligence case surrounding Plaintiff's alleged slip and fall due to a liquid substance in Defendant's store on August 1, 2016.[3] On June 28, 2017, prior to filing the instant suit, Plaintiff sent a Demand Letter to Defendant stating that Plaintiff's medical expenses were $60,614 and requesting to settle for the amount of $150,000.[4] Subsequently, on January 10, 2018, Plaintiff sued Defendant for negligence in state court, stating that Plaintiff had "sustained damages in a monetary relief of $75,000 within the jurisdictional requirements of this Court."[5] On March 5, 2018, Plaintiff responded to Defendant's request for disclosure and identified medical expenses of $60,614.[6] Fifteen days thereafter, on March 20, 2018, Defendant filed notice

---

[1] Dkt. No. 5.
[2] Dkt. No. 6.
[3] Dkt. No. 1-1 p. 2.
[4] Dkt. No. 5-3 p. 3.
[5] *Id.*
[6] Dkt. No. 6, p. 1, ¶ 3.

1 / 4

to remove the action to this Court.[7] Plaintiff moved to remand,[8] and Defendant responded,[9] rendering the instant motion ripe for review.

It is undisputed that complete diversity exists in this case, and neither party disputes that the amount in controversy is over $75,000. However, Plaintiff contends that remand is proper because Defendant failed to remove the case in a timely matter. Plaintiff argues that Defendant had prior notice that the amount in controversy would be over $75,000 due to the Demand Letter sent in June 2017, and thus should have moved to remove the case within thirty days of the initial pleading.[10] With this background, the Court turns to its analysis.

## II. LEGAL STANDARD

A defendant can remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction.[11] A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties.[12] The amount in controversy required by § 1332(a) is currently $75,000.[13] Any ambiguities are construed against removal and in favor of remand to state court.[14] The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper.[15]

The timing of removal is controlled by 28 U.S.C. § 1446(b). If the initial pleading sets forth a claim that "triggers the removal clock," the defendant must file notice of removal within

---

[7] Dkt. 1.
[8] Dkt. No. 5.
[9] Dkt. No. 6.
[10] Dkt. No. 5.
[11] 28 U.S.C. § 1441(a).
[12] *See* 28 U.S.C. § 1332(a).
[13] *Id.*
[14] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 1988)).
[15] *Id.* (citations omitted).

thirty days of receiving it.[16] If the initial pleading did not "trigger the thirty-day removal clock," a notice of removal must be filed within thirty days of the defendant's receipt of any paper from which it may ascertain that the case has become removable.[17] In that case removal may not occur more than one year after commencement of the action.[18]

The Fifth Circuit has adopted a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount."[19] Prior communications that damages may be in excess of the jurisdictional amount do not "trigger the removal clock."[20]

### III. ANALYSIS

Here, remand is not warranted. Defendant initiated removal in a timely fashion. Fifteen days after receiving notice from "other paper" that the claim was likely to exceed the amount in controversy Defendant sought removal.[21] This is within the thirty day "removal clock" provided for under § 1446(b) and much less than a year from the commencement of the action.

Plaintiff contends that the pre-suit Demand Letter rendered the initial pleading removable and thus Defendant should have moved to remove within thirty days of being served. However, in order for the timeline to run from the initial pleading, the pleading must "affirmatively reveal[] on its face" a "specific allegation" seeking damages in excess of the minimum jurisdictional amount of the federal court.[22] Plaintiff's initial pleading plainly did not. In fact, Plaintiff appears to have purposely thwarted removal by omitting the required language of Rule 47 of the Texas

---

[16] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); 28 U.S.C. § 1446(b)(1).
[17] *Id.* at 398; 28 U.S.C. § 1446(b)(2), (c)(3).
[18] 28 U.S.C. § 1446(c)(1).
[19] Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).
[20] *Mumfrey*, 719 F.3d at 400.
[21] Dkt. No 1.
[22] *Chapman*, 969 F.2d at 163.

Rules of Civil Procedure and specifically stated a monetary amount not related to state pleading requirements. Defendant cannot be faulted for relying on the Plaintiff's pleading. Additionally, Defendant is not required to rely on prior communications to determine that the damages provided in the initial pleading are not accurate.[23] In sum, this Court has diversity jurisdiction, and Plaintiff's motion to remand is without merit.

**IV.    HOLDING**

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.


DONE at McAllen, Texas, this 11th day of May, 2018.

_____
Micaela Alvarez
United States District Judge

---

[23] *Mumfrey*, 719 F.3d at 400.